IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

WEST VIRGINIA HIGHLANDS
CONSERVANCY, INC., et al.,

    Plaintiffs,

v.                                                Civil Action No. 2:16-cv-03769

AUSTIN CAPERTON,[1]

    Defendant.

## CONSENT DECREE

### I.    RECITALS

1. On January 22, 2016, Plaintiffs sent a Notice of Intent to Sue (Notice) alleging that Defendant was in violation of seven West Virginia/National Pollution Discharge Elimination System (WV/NPDES) permits issued for sites controlled by the West Virginia Department of Environmental Protection's (WVDEP's) Special Reclamation Program.[2]

2. The Notice alleged that the WVDEP had discharged and continued to discharge quantities of aluminum and iron, in excess of the effluent limits in those permits. The notice further alleged the discharges of effluent with pH outside of the permitted range.

3. On April 20, 2016, Plaintiffs initiated the instant action for violations of WV/NPDES Permits WV1028723 and WV1027841, in contravention of the federal Clean Water Act and the West Virginia Water Pollution Control Act. Plaintiffs amended the Complaint on January 10, 2017 to include additional violations of the same permits.

---

[1] Austin Caperton has been substituted as Defendant in this action pursuant to Fed. R. Civ. P. 25(d).
[2] Five of these permits are located in the Northern District of West Virginia and are not part of this lawsuit.

4. On December 12, 2016, the Parties met at the office of the WVDEP. At that meeting, the WVDEP explained its timetable for achieving compliance at each of the reclaimed sites. The dates found in this Consent Decree are based on the schedule that WVDEP had prepared for inclusion in the corrective action plans required under the current enforcement actions being carried out by the WVDEP's Division of Mining and Reclamation.

5. The Parties recognize, and the Court by entering this Consent Decree finds, that the Consent Decree has been negotiated by the Parties in good faith and will avoid further litigation on the merits of this action, between the Parties; further, that this Decree is fair, reasonable and in the public interest.

NOW, THEREFORE, and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED AND DECREED as follows:

## II. JURISDICTION AND VENUE

6. For purposes of this Consent Decree, the Parties agree that this Court has jurisdiction over the Parties and over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 33 U.S.C. § 1365 (the Clean Water Act citizen suit provision).

7. Venue is proper in the United States District Court for the Southern District of West Virginia under 28 U.S.C. § 1391(b) and 33 U.S.C. § 1365(c)(1) because it is the judicial district where the violations alleged in the complaint occurred.

8. For purposes of this Consent Decree, or any action to enforce this Consent Decree, the Parties consent to this Court's jurisdiction, and consent to the United States District Court for the Southern District of West Virginia as the appropriate venue.

## III. APPLICABILITY

9. The provisions of this Consent Decree apply to and are binding upon:

    a. Each of the Plaintiff organizations, the Sierra Club, the West Virginia Highlands Conservancy, and the West Virginia Rivers Coalition, including those officers, directors and staff with authority to act on behalf of their respective organizations;

    b. Secretary Austin Caperton, his successor, the West Virginia Department of Environmental Protection, and any of the agency's officers, employees, representatives, successors and /or assigns, and;

    c. Other persons or entities bound by law.

10. No transfer of operations at any Facility shall relieve the Defendant of its obligations to ensure that the terms of this Consent Decree are implemented; provided, however, that prior to any transfer, the WVDEP shall provide a copy of this Consent Decree to the proposed transferee and require the transferee to provide written confirmation acknowledging the terms of the Consent Decree and that the transferee will be bound by those terms. If it complies with the provisions of this paragraph, the WVDEP shall no longer be subject to this Decree.

11. The WVDEP shall provide a copy of this Consent Decree to all officers, employees, and agents whose duties include direct responsibility for compliance with any provision of this Consent Decree.

## IV. DEFINITIONS

12. Terms used in this Decree that are defined in the Act or in regulations issued pursuant thereto shall have the meanings assigned to them therein, unless otherwise defined in this Decree.

13. Whenever the terms set forth below are used in this Consent Decree, the following definitions shall apply:

    a. "Act" shall mean the Clean Water Act, 33 U.S.C. § 1251 et seq.;

    b. "Complaint" shall mean the Complaint for Declaratory and Injunctive Relief filed by Plaintiffs in this action on April 20, 2016;

    c. "Compliance Date" shall mean the final date for compliance for each permit as described in Section V of this Decree.

    d. "Day" shall mean a calendar day, unless expressly stated to be a business day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, state or federal holiday, the period shall run until the close of business the next business day;

    e. "Defendant" shall mean Secretary Austin Caperton, in his official capacity as Secretary of the West Virginia Department of Environmental Protection, or his successor in his or her official capacity;

    f. "Effective Date" shall have the definition provided in Section X of this Decree;

    g. "EPA" shall mean the United States Environmental Protection Agency;

    h. "Notice Letters" shall mean the Notices of Intent to Sue, sent by Plaintiffs on January 22, 2016 and September 30, 2016;

    i. "Parties" shall mean all named Plaintiffs as well as Defendant, collectively;

    j. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral;

k. "Plaintiffs" shall mean the Sierra Club, West Virginia Highlands Conservancy, and West Virginia Rivers Coalition, including those officers, directors, and staff with authority to act on behalf of their respective organizations;

l. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral;

m. "WVDEP" shall mean the West Virginia Department of Environmental Protection; and

n. "WV/NPDES permit" shall mean a West Virginia/National Pollutant Discharge Elimination System permit issued by the WVDEP pursuant to Section 402 of the Clean Water Act.

## V. COMPLIANCE REQUIREMENTS

14. WVDEP shall complete construction for treatment systems designed and intended to meet all conditions of the following NPDES permits by the following deadlines (hereinafter, the "Construction Deadlines"):

    a. Chicopee      WV1027841      December 31, 2019
    b. Summersville  WV1028723      December 31, 2019

15. WVDEP shall achieve compliance with the effluent limits in the applicable NPDES permits within 90 days of the Construction Deadlines set forth in Paragraph 14. The final day in that 90-day period shall be known as the "Compliance Date."

16. This Consent Decree in no way affects, or provides relief from, Defendant's responsibility to comply with the applicable federal, state and local law, regulations and permits, but Plaintiffs shall not seek any remedies under the Act for any violations listed in the Notice Letters that were or could have been brought in the U.S. District Court for the Southern District

of West Virginia, or any additional violations at any permitted outfall listed in the Notice Letters that could be brought in the U.S. District Court for the Southern District of West Virginia so long as this Consent Decree is in effect, except to enforce the conditions of this Consent Decree.

## VI. REPORTING REQUIREMENTS

17. Defendant shall provide Plaintiffs' representative, listed in Section IX of this Decree, with copies of the following documents for each permit within five business days after the documents are available: (a) the corrective action plans required by the October 17, 2016 Administrative Enforcement Consent Order No. M-16-144; and, (b) the quarterly progress reports required by those plans.

18. Within 14 days of completion of construction of any treatment system designed to achieve compliance required under this Decree, Defendant shall provide Notice to Plaintiffs' representative listed in Section IX of this Decree.

## VII. FORCE MAJEURE

19. "Force Majeure," for purposes of this Consent Decree, is defined as any event arising from causes beyond the reasonable control of Defendant, or any entity controlled by Defendant, which delays or prevents the performance of any obligation of this Consent Decree despite Defendant's good faith efforts to fulfill the obligation. The requirement that Defendant exercise "good faith efforts to fulfill the obligation" includes using best efforts to anticipate any potential Force Majeure event and best efforts to address the effects of any such event (a) as it is occurring and (b) after it has occurred to prevent or minimize any resulting delay. "Force Majeure" does not include Defendant's financial inability to perform any obligation under this Consent Decree.

20. When any compliance obligation under the Consent Decree requires Defendant to obtain a federal, state, or local permit or approval, Defendant shall submit timely and substantially complete applications and take all other actions reasonably necessary to obtain such permits or approvals. Defendant may seek relief under the Force Majeure provisions of the Consent Decree for any delay in the performance of such obligations resulting from a failure to obtain, or a delay in obtaining, any permit or approval required to fulfill such obligation if Defendant has submitted timely and substantially complete applications and taken all other actions reasonably necessary to obtain all such permits or approvals.

21. When any compliance obligation under the Consent Decree requires Defendant to obtain an interest in real property from a third party, including, but not limited to, easements or licenses, Defendant shall initiate negotiations to obtain that interest and pursue them in good faith as soon as practicable and shall timely complete and record any legal instruments necessary to obtain that interest. Defendant may seek relief under the Force Majeure provisions of the Consent Decree for any delay in performance of such obligation resulting from a failure to obtain, or a delay in obtaining, any necessary interest in real property if Defendant has initiated negotiations to obtain that interest and has pursued them in good faith as soon as practicable and has worked to timely complete and record any legal instruments necessary to obtain that interest in good faith.

22. Defendant may seek relief under the Force Majeure provisions of this Consent Decree for delays in performance of its obligations that result from a delay in receiving necessary purchasing approval, as well as for contractor or vendor delays that are beyond the State's control.

23. If any event occurs or has occurred that may delay the performance of any obligation under this Consent Decree, whether or not caused by a Force Majeure event, Defendant shall provide notice orally or by electronic or facsimile transmission to Plaintiffs within five (5) business days of when Defendant first knew that the event is likely to cause a delay. Within fourteen (14) days thereafter, Defendant shall provide in writing to Plaintiffs an explanation of the reasons for the delay; the anticipated duration of the delay; and actions taken or to be taken to prevent or minimize the delay.

24. If a delay or anticipated delay is attributable to a Force Majeure event, the time for performance of the obligations of this Consent Decree that are affected by the Force Majeure event will be extended for such time as is necessary to complete those obligations.

25. Plaintiffs will notify Defendant in writing, within five (5) business days of the length of the extension, if any, for performance of the obligations affected by the Force Majeure event. If Plaintiffs do not agree that the delay or anticipated delay has been or will be caused by a Force Majeure event, Plaintiffs will notify Defendant, in writing, of its decision within five (5) days of its receipt of the Force Majeure claim by Defendant. If Plaintiffs do not respond within the five (5) day period, the extension requested by Defendants will become effective. Any dispute between the Parties over a Force Majeure claim may be resolved by the Court.

### VIII. EFFECT OF THE SETTLEMENT/RESERVATION OF RIGHTS

26. This Consent Decree resolves Plaintiffs' claims for the violations alleged in the Complaint and for those violations in the Notice Letters that were or could have been brought in the Southern District of West Virginia, as well as for violations reported on the discharge monitoring reports for outfalls listed in the Complaint through the Effective Date of this Decree.

27. For the term of this Consent Decree, Plaintiffs waive all legal and equitable remedies available to enforce discharge, effluent or water quality limitations at outfalls listed in the Complaint or those in the Notice Letters which were or could have been brought in the Southern District of West Virginia, except for a proceeding or action to enforce this Decree.

28. This Consent Decree shall not limit or affect the rights of Sierra Club, the West Virginia Highlands Conservancy, the West Virginia Rivers Coalition, or the WVDEP against any third parties who are not parties to the Consent Decree.

29. This Consent Decree shall not be construed to create rights in, or grant any cause of action to any third party not party to the Consent Decree.

30. Compliance with the terms and conditions of this Consent Decree shall not in any way be construed as relieving Defendant of the obligation to comply with any applicable law, permit, other order, or any other requirements otherwise applicable.

## IX. NOTICES

31. Unless otherwise specified herein, whenever notifications, submissions, or communications are required by this Consent Decree, they shall be made in writing and addressed as follows:

    a. To Plaintiffs:

        Derek O. Teaney
        Appalachian Mountain Advocates
        P.O. Box 507
        Lewisburg, WV 24901

    b. To WVDEP:

        Kristin Boggs
        WVDEP Office of General Counsel
        601 57th Street S.E.
        Charleston, WV 25304

32. Either party may, by written notice to the other, change its designated notice recipient or notice address provided above.

33. Notices submitted pursuant to this Section shall be deemed submitted upon mailing, unless otherwise provided by mutual agreement of the Parties.

## X. EFFECTIVE DATE

34. The Effective Date of this Consent Decree shall be the date upon which the Court enters this Decree or grants a motion to enter this Consent Decree, whichever occurs first, as recorded on the Court's docket.

## XI. RETENTION OF JURISDICTION

35. The Court shall retain jurisdiction over this case until termination of this Consent Decree, for the purpose of resolving disputes arising under this Decree or entering orders modifying this Decree, or effectuating or enforcing compliance with the terms of this Decree.

36. The Parties reserve all legal and equitable rights and defenses available to them to enforce or defend the provisions of this Consent Decree. The sole remedy, however, available to Defendant for any alleged violation by Plaintiffs of any affirmative duty created under Paragraph 27 of this Consent Decree shall be injunctive relief; under no circumstances will monetary relief be available. Before Defendant may seek any such injunctive relief, it must comply with the notice and informal negotiations provisions of Paragraph 37.

37. Before a Party invokes this Court's jurisdiction to interpret, enforce, or modify this Decree, the Party shall send a written notice to the other party outlining the nature of the issue and requesting informal negotiations among the principals and counsel to resolve the matter. If the parties are unable to resolve the matter within thirty (30) business days from the

date of the notice (or within an additional period of time agreed to by the Parties), any party may request that the Court resolve the matter.

## XII. RESOLUTION OF PLAINTIFFS' COSTS AND ATTORNEY FEES

38. This Decree does not resolve Plaintiffs' claim pursuant to 33 U.S.C. § 1365(d) for costs of litigation and attorneys' fees incurred in this action. Plaintiffs may assert that claim after entry of this Decree and Defendant may challenge Plaintiffs' entitlement to costs and fees and the amount thereof. All Parties recognize that this Decree may itself be used as evidence of the resolution and results of the instant litigation. Additionally, the negotiations between the Parties leading to this Consent Decree shall be admissible as evidence of the resolution and results of this case.

39. Defendant maintains that no fees should be awarded for the negotiation, implementation, or future implementation of the Consent Decree. Plaintiffs do not concede that position. Nothing about this Consent Decree affects Defendant's right to maintain that position or Plaintiffs' right to oppose it.

## XIII. MODIFICATION

40. The terms of this Consent Decree may be modified only by a subsequent written agreement signed by all Parties. Where the modification constitutes a material change to this Decree, it shall be effective only upon approval by the Court.

## XIV. TERMINATION

41. This Consent Decree shall terminate when WVDEP has (a) demonstrated full compliance with all terms and conditions of its Permit for at least three consecutive months following the Compliance Dates set forth in Paragraph V, and (b) WVDEP has notified Plaintiffs

in writing of the occurrence of the third consecutive month in which WVDEP demonstrates full compliance with all terms and conditions of its Permit.

## XV. SIGNATURES / SERVICE

42. Each undersigned representative of the Parties certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.

43. This Consent Decree may be signed in counterparts and its validity shall not be challenged on that basis.

## XVI. INTEGRATION

44. This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Decree. The Consent Decree supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein. Other than deliverables that are subsequently submitted and approved pursuant to this Decree, no other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Decree or the settlement it represents, nor shall it be used in construing the terms of this Decree.

## XVII. FINAL JUDGMENT

45. Upon approval and entry of this Consent Decree by the Court, and except for resolution of Plaintiffs' claim for costs and fees as provided above, this Consent Decree shall constitute a final judgment on Plaintiffs' claims. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Federal Rules of Civil Procedure 54 and 58.

So ORDERED this 25 day of April, 2018.

Honorable Joseph R. Goodwin
United States District Judge
Southern District of West Virginia

The undersigned parties enter into this Consent Decree in the matter of *West Virginia Highlands Conservancy, Inc., et al. v. Caperton:*

For Plaintiffs WEST VIRGINIA HIGHLANDS
CONSERVANCY, INC., WEST VIRGINIA RIVERS
COALITION, and SIERRA CLUB,

Date: May 11, 2017        /s/ J. Michael Becher
                          J. Michael Becher, Esq. (WVSB # 9562)
                          Derek Teaney, Esq.
                          P.O. Box 507
                          Lewisburg, WV 24901

                          Jim Hecker, Esq.
                          Public Justice
                          1620 L Street N.W. Suite 630
                          Washington, D.C. 20036

For Defendant AUSTIN CAPERTON, Secretary,
West Virginia Department of Environmental Protection,

Date: May 1, 2017
                          Kristin A. Boggs (WVSB # 10015)
                          General Counsel
                          WV Dept. of Environmental Protection
                          601 57th Street SE
                          Charleston, WV 25304
                          Phone: (304) 926-0440
                          Fax:   (304) 926-0446
                          Kristin.A.Boggs@wv.gov