IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION


WEST VIRGINIA HIGHLANDS
CONSERVANCY, et al.,

        Plaintiffs,

v.                              CIVIL ACTION NO.   2:16-cv-03769

AUSTIN CAPERTON,

        Defendant.


MEMORANDUM OPINION AND ORDER

Pending before the court is the plaintiffs' Motion for an Award of Attorneys' Fees and Expenses [ECF No. 32]. For the reasons that follow, the Motion is **GRANTED**.

## I.    Introduction

The plaintiffs brought this case pursuant to the citizen suit section of the Clean Water Act ("CWA"). The plaintiffs alleged that the defendant was in violation of West Virginia and National Pollution Discharge Elimination System Permits for seven mining sites controlled by the West Virginia Department of Environmental Protection's Special Reclamation Program, two of which are in this District. On April 25, 2018, this court approved and entered a Consent Decree [ECF No. 31]. The remaining issue before the court is whether the plaintiffs are entitled to reasonable attorneys' fees for obtaining the Consent Decree.

## II. Discussion

### a. Prevailing Party

Section 1365(d) of the CWA provides that a court "may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate." 33 U.S.C. § 1365(d). "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989).

"[E]nforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorneys' fees." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001). As the Fourth Circuit has observed, "a consent decree approved and entered by a trial court is sufficient to make the party that obtains relief a 'prevailing party' under the fee-shifting statutes, because such a decree 'is entered as an [approved] order of the court . . . and is subject to the oversight attendant to the court's authority to enforce its orders." *Goldstein v. Moatz*, 445 F.3d 747, 751 (4th Cir. 2006) (quoting *Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268, 281 (4th Cir. 2002)).

Put simply, because a judicially approved consent decree subject to the oversight of this court was issued, the plaintiffs are a prevailing party. Nevertheless,

the defendant argues that the Consent Decree did not result in the defendant modifying its behavior toward the plaintiffs because "it merely agreed to . . . continue what it was already doing and what it planned to do going forward and . . . report its compliance progress." Resp. 7 [ECF No. 35]. For support, the defendant sites multiple cases that it argues suggest that "enshrin[ing] the status quo" is not enough to create a material alteration in a legal relationship between the parties to permit an award of attorneys' fees. Resp. 7 [ECF No. 35]. Importantly, however, all of the cited cases were missing one thing: a consent decree. *See McQueary v. Conway*, 614 F.3d 591 (6th Cir. 2010) (no consent decree); *Walker v. Calumet City*, 565 F.3d 1031, 1034 (7th Cir. 2009) ("[The plaintiff] did not obtain a consent decree in this case; hence, the second *Buckhannon* example does not apply."); *Sierra Club v. City of Little Rock*, 351 F.3d 840 (8th Cir. 2003) (no consent decree).

The defendant also argues that the plaintiffs are attempting to revive the "catalyst theory," which the defendant argues has been rejected by the Supreme Court. While it is true that the Court rejected the catalyst theory under certain circumstances, the Court was doing so specifically because the catalyst theory is unlike an "enforceable judgment on the merits and *court-ordered consent decrees*." *Buckhannon*, 532 U.S. at 604–05 (emphasis added) ("[T]he 'catalyst theory' falls on the other side of the line from these examples. It allows an award where there is not judicially sanctioned change in the legal relationship of the parties."). Thus, because the consent decree is a material alteration of the legal relationship of the parties

3

necessary to permit an award of attorneys' fees, all that is left to consider is whether the amount requested by the plaintiff's is reasonable.

### b. Reasonableness

Under the CWA, the "lodestar" method is used to calculate the amount of attorneys' fees. *See, e.g., City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

> First, 'the court must determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate'. Second, 'the court must subtract fees for hours spent on unsuccessful claims unrelated to successful ones. [Third], the court should award some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff.'

*Jones v. Southpeak Interactive Corp. of Del.*, 777 F.3d 658, 675 (4th Cir. 2015) (citations omitted). In deciding what constitutes a "reasonable" number of hours and rate, the Fourth Circuit has instructed that a district court's discretion should be guided by the following twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir.1978).

The plaintiffs have submitted the following hours and rates:[1]

|         | Rate   | Hours | Experience |
|---------|--------|-------|------------|
| Hecker  | $450   | 27.75 | 40         |
| Teaney  | $325   | 8.50  | 11         |
| Becher  | $260   | 7.25  | 8          |

After considering the factors, the court finds that the plaintiffs' proposed number of hours and rates is reasonable. Further, the court finds that this calculation does not include fees for hours spent on unsuccessful claims. And because the plaintiffs achieved the injunctive relief that they sought in the form of enforceable compliance deadlines in the Consent Decree, no reduction in the fees is necessary.

The court **AWARDS** $15,914.50 in attorneys' fees to the plaintiffs. Additionally, the court finds that the plaintiffs' attorneys have incurred $868.71 in expenses reasonably and necessarily incurred. *See, e.g.*, *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988) (a prevailing party may recover "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services."). In total, the court **AWARDS** $16,783.21.

---

[1] It should be noted that the plaintiffs submitted a more through breakdown of the total hours and rates in its court filings, which the court has reviewed. *See* ECF Nos. 32-1 to 32-3.

### c. Conclusion

For the foregoing reasons, the plaintiffs' Motion for Attorneys' Fees [ECF No. 32] is **GRANTED**. The court **AWARDS** attorneys' fees and expenses to the plaintiff in the amount of $16,783.21.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER:     February 22, 2019

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE